**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

August 7, 2025

ATM Shafiqul Khalid
17446 NE 28th ST
Redmond, WA 98052

Catherine A. Gaul
Randall J. Teti
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899

Re:     *ATM Shafiqul Khalid v. Elon R. Musk et al.,*
        C.A. No. 2024-0443-KSJM

Dear Mr. Khalid and Counsel:

This letter resolves Plaintiff's July 28, 2025 motion titled "Rule 59 Motion to Reconsider the Prior Opinion on Defendants' Motion to Dismiss."[1] Plaintiff's motion seeks relief in connection with the July 18, 2025 Memorandum Opinion resolving Defendants' Motion to Dismiss.[2] In the Memorandum Opinion, I granted Mr. Musk's motion to dismiss under Court of Chancery Rule 12(b)(2) for lack of personal jurisdiction and the other Defendants' motion to dismiss under Rule 12(b)(6) for failure to state a claim.[3] I also denied Plaintiff's request to amend his pleading because the amendments would not cure any legal defects and he had not otherwise shown good cause.[4]

---

[1] C.A. No. 2024-0443-KSJM, Docket ("Dkt.") 37.

[2] Dkt. 35. This decision adopts the defined terms used in the July 18, 2025 Memorandum Opinion.

[3] *Id.* at 10.

[4] *See id.* at 20 & n.83.

Plaintiff's motion seeks reargument or reconsideration of the Memorandum Opinion and requests leave to amend.[5]  Because the Court of Chancery Rules do not authorize motions for reconsideration, and because I have already denied Plaintiff's request to amend the complaint, I am treating Plaintiff's motion as a request for reargument.

Under Court of Chancery Rule 59(f), a litigant may file a motion for reargument within five days of a decision from the court.[6]  Plaintiff did not file his motion within five days of the Memorandum Opinion.  That is an independent basis to deny it.

Plaintiff's motion also fails on the merits.  The court will grant a motion for reargument upon a showing that the court "has misapprehended a material fact or rule of law . . . such that the outcome of the decision would be affected."[7]  A motion for reargument is "not a mechanism for litigants to relitigate claims already

---

[5] Dkt. 37 at 16–17.

[6] *See* Ct. Ch. R. 56(f) ("A motion for reargument setting forth briefly and distinctly the grounds therefor may be served and filed within 5 days after the filing of the Court's opinion or the receipt of the Court's decision.").  To the extent Plaintiff seeks relief under Rule 59(e), he has also not made the proper showing. *See Nash v. Schock,* 1998 WL 474161, at *1 (Del. Ch. July 23, 1998) ("Under Rule 59(e), a motion to alter an Order may be granted if the plaintiff demonstrates (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice.").  Plaintiff did not attempt to meet the first two elements and has not identified a clear error of law or manifest injustice.

[7] *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC,* 2012 WL 975581, at *1 (Del. Ch. Mar. 4, 2010), *aff'd,* 7 A.3d 485 (Del. 2010).

considered by the court, or to raise new arguments that they failed to present in a timely way."[8]

Plaintiff has not identified any misapprehension of law or fact, and he largely re-raises arguments he previously made in his opposition, supplemental submissions, and at oral argument. Plaintiff's new legal arguments are not properly before the court and would not alter the outcome on the merits.[9]

Plaintiff's motion for reargument is denied.

Sincerely,

/s/ Kathaleen St. Jude McCormick

Chancellor

cc:     All counsel of record (by *File & ServeXpress*)

---

[8] *Id.* (quoting *Am. Legacy Found. V. Lorillard Tobacco Co.*, 895 A.2d 874, 877 (Del. Ch. 2005) (internal quotation marks omitted)).

[9] *See inTEAM Assocs., LLC v. Heartland Payment Sys., Inc.,* 2016 WL 6819734, at *2 (Del. Ch. Nov. 18, 2016) ("A party may not present a new argument for the first time in a motion for reargument.").